NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                    :
FREDERICK SELLERS,                  :
                                    :      Civil Action No.
                Petitioner,         :      14-0388 (RMB)
                                    :
          v.                        :
                                    :      **MEMORANDUM OPINION**
UNITED STATES OF AMERICA,           :      **NOTICE AND ORDER**
                                    :
                Respondent.         :
_____:

**BUMB, District Judge:**

     This matter comes before the Court upon the Clerk's receipt
of Petitioner's pro se § 2255 motion ("Motion") challenging his
federal sentence.  See Docket Entry No. 1.

     Petitioner's judgment of conviction in the underlying
criminal matter was entered on April 7, 2011.  See United States
v. Sellers, Crim. Action No. 10-0434 (RMB) (D.N.J.), Docket Entry
No. 53.  Petitioner then challenged that conviction on direct
appeal.  See United States v. Sellers, USCA Index No. 11-1939 (3d
Cir.).  His direct appellate challenges were dismissed on the
merits.  See id., Mandate dated Dec. 28, 2012.  Petitioner then
sought certiorari from the United States Supreme Court.  See id.,
Docket Entry dated Jan. 30, 2013.  The Supreme Court denied him
certiorari on February 25, 2013; that development concluded
Petitioner's direct appellate process.  See United States v.

<u>Sellers</u>, 133 S. Ct. 1482 (2013).

Five months after that development, Petitioner filed, in his underlying criminal matter, a motion asserting jurisdiction under Fed. R. Crim. P. 33. <u>See</u> <u>United States v. Sellers</u>, Crim. Action No. 10-0434 (RMB) (D.N.J.), Docket Entry No. 61. Although Petitioner's Rule 33 motion alleged his entitlement to a new trial in light of what he elected to qualify as newly discovered evidence, the record amply indicated that this evidence was not new because it was duly served upon, and extensively used by Petitioner's defense counsel. <u>See</u> <u>id.</u>, Docket Entry No. 66 (addressing the same in great detail). This Court, therefore, denied Petitioner's Rule 33 motion. <u>See</u> <u>id.</u> The Court's determination to that effect was docketed on October 24, 2013. <u>See</u> <u>id.</u>

On January 21, 2014, <u>i.e.</u>, about eleven months after conclusion of his direct appellate process, Petitioner submitted his § 2255 Motion at bar. <u>See</u> Instant Matter, Docket Entry No. 1. The Motion presented a 58-page document containing, in effect, seven claims styled by Petitioner as sub-claims of a single challenge. <u>See</u> <u>id.</u> at 15-16. Each of these sub-claims, in turn, presented a lengthy narrative (ranging from four to ten pages). <u>See</u> <u>id.</u> Notably, each such narrative challenged various aspects of Petitioner's underlying criminal proceedings (e.g., stating challenges to evidence admitted at trial or to the

prosecutor's closing statement, or to this Court's jury charge, etc.), thus presenting, effectively, a challenge that should have been raised on direct appeal.  See generally, Instant Matter, Docket Entry No. 1.  However, in order to qualify his challenges as § 2255 claims, Petitioner attempted to stitch them to the performance rendered by his counsel by Petitioner's bold conclusions that his counsel was "ineffective" by not addressing or "insufficiently" addressing the issues underlying these de facto direct appellate challenges.  See, e.g., id. at 29-35 (one of Petitioner's narratives asserting that his defense counsel's trial argument was "in itself inadequate" because: (a) Petitioner "contends [that] there was no curative instruction"; and (b) Petitioner opines that a curative instruction should have been offered in light of Petitioner's belief that "cumulative effect [of certain statements] not only confused the jurors but [also] highly prejudiced" Petitioner).

Petitioner's Motion fails to comply with the requirements of Habeas Rule 2, applicable to § 2255 actions through Habeas Rule 1(b).  "An unduly lengthy submission violates Habeas Rule 2(d)." Nelson v. Holmes, 2013 U.S. Dist. LEXIS 62711, at *1, n.1 (D.N.J. Apr. 29, 2013) (noting that a 27-page habeas petition violated the Rule and citing Simms v. Shartle, 2013 U.S. Dist. LEXIS 34565, at *1 (D.N.J. Mar. 12, 2013); Samha v. Lagana, 2012 U.S. Dist. LEXIS 98191, at *1 (D.N.J. July 12, 2012)).  "Moreover,

while a <u>pro</u> <u>se</u> habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance, '[h]abeas corpus petitions must meet heightened pleading requirements.'" <u>Id.</u> (quoting <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994), and citing <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989)). Indeed, Habeas Rule 2(c) "requires a petition to 'specify all the grounds for relief' . . . and [does] not allow [habeas litigants] to submit voluminous filings asserting multitudes of claims conflated into numerous Hydra-like umbrella challenges." <u>Simms v. Shartle</u>, 2012 U.S. Dist. LEXIS 140316, at *3 (D.N.J. Sept. 27, 2012) (citations and internal quotation marks omitted).

Furthermore, a motion filed under 28 U.S.C. § 2255 cannot "broaden . . . the scope of collateral attack available to a prisoner prior to the enactment of § 2255 through writs of <u>coram</u> <u>nobis</u> and <u>habeas</u> <u>corpus</u>." <u>See</u>, <u>e.g.</u>, <u>United States v. McNicholas</u>, 298 F.2d 914 (4th Cir.), <u>cert.</u> <u>denied</u>, 369 U.S. 878 (1962). Therefore, a § 2255 petitioner can neither litigate nor re-litigate <u>de</u> <u>facto</u> direct appellate challenges by simply dressing them "in different legal garb[s]," e.g., by stitching them to the performance of defense counsel through self-serving, bold assertions. <u>De Welles v. United States</u>, 372 F.2d 67, 69-70 (7th Cir.) (litigation "of trial issues under different labels or

on expanded allegations that could have been made in the first instance is not contemplated by section 2255"), <u>cert.</u> <u>denied</u>, 388 U.S. 919 (1967); <u>accord</u> <u>McFarland</u>, 512 U.S. at 856 ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

For instance,

> To establish a claim of ineffective assistance of counsel, [Petitioner] must *demonstrate* his attorney's performance was deficient and that he was prejudiced by this deficiency. [<u>See</u>] <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). That is, he *must prove* counsel's performance "fell below an objective standard of reasonableness," <u>id.</u> at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," <u>id.</u> at 694. Counsel cannot be ineffective for failing to raise meritless claims, and counsel's strategic choices are reviewed with a strong presumption of correctness. <u>See</u> <u>Sistrunk v. Vaughn</u>, 96 F.3d 666, 670 (3d Cir. 1996). To succeed on an ineffective assistance of counsel claim, petitioners must *show* counsel's performance was deficient based on the "facts of the particular case, viewed as of the time of counsel's conduct." <u>Strickland</u>, 466 U.S. at 690.

<u>United States v. Martin</u>, 262 F. App'x 392, 395-96 (3d Cir. 2008) (emphasis supplied).

Correspondingly, Petitioner's § 2255 allegations cannot be <u>de</u> <u>facto</u> direct appellate challenges adorned by his self-serving bold conclusions or his mere recitals of the <u>Strickland</u> prongs, or by numerous repeats of the case law terminology used in the <u>Strickland</u> progeny. Rather, these allegations must be reduced to <u>bona</u> <u>fide</u> statements that are: (a) clear and concise; and (b)

"demonstrate/show" Petitioner's entitlement for § 2255 relief. Accord 28 U.S.C. § 2254 Rule 2(c), (applicable to Section 2255 proceedings through Rule 1(b)).

Therefore, the Court will dismiss Petitioner's Motion; such dismissal will be with leave to file an amended motion complying with the guidance provided to Petitioner herein.

IT IS, therefore, on this **30th** day of **January** **2014**,

**ORDERED** that Petitioner's Motion, Docket Entry No. 1, is dismissed for failure to comply with the requirements of Habeas Rule 2; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED"; and it is further

**ORDERED** that administrative termination is not a dismissal on the merits, see Papotto v. Hartford Life & Accident Ins. Co., 731 F.3d 265 (3d Cir. Sept. 26, 2013); and it is further

**ORDERED** that this Court retains jurisdiction over this matter; and it is further

**ORDERED** that Petitioner may have this matter reopened if he submits, within thirty days from the date of entry of this Memorandum Opinion, Notice and Order, his amended motion executed in accordance with the guidance provided to hin herein; and it is further

**ORDERED** that, in the event Petitioner timely submits such

amended motion, that amended motion will be deemed timely for the purposes of the statute of limitations analysis; and it is further

**ORDERED** that no action on the part of Respondent is required at this juncture;[1] and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion, Notice and Order upon Petitioner by certified mail, return receipt requested, and include in said mailing a blank Section 2255 motion form; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion, Notice and Order upon Respondent by means of electronic delivery.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

---

[1] Although there is no compulsory obligation to answer, and such duty could be given rise only by a judicial order, see 28 U.S.C. § 2243 (federal district courts have a duty to screen and summarily dismiss habeas petitions that plainly show the petitioner is not entitled to relief); see also Habeas Rule 4 (same), Respondent made an appearance in this matter for notice purposes. See Docket Entry No. 2.