**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| Frederick Sellers, | : | |
| | : | Civ. Action No. 14-388(RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| United States of America, | : | |
| | : | |
| Respondent. | : | |

**BUMB**, District Judge:

This matter is before the Court upon Petitioner's amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Am. Pet., ECF No. 15), Respondent's Answer and opposition to the motion (Answer, ECF No. 21), and Petitioner's Response. (Petr's Response, ECF No. 22). For the reasons discussed below, the § 2255 motion is denied.

I. BACKGROUND

    A.    <u>The Criminal Proceeding</u>

A Complaint was issued against Petitioner in the District of New Jersey on December 8, 2009, in Case No. 09-mj-1082-AMD, charging him with violating 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), conspiracy to distribute and possession with intent to distribute more than five kilograms of cocaine in

1

Camden County, New Jersey. U.S. v. Sellers, Crim. Action No. 10-434(RMB) (D.N.J.) (ECF No. 1.) Petitioner was arrested the following day. (Id., ECF No. 2.) He was indicted on June 30, 2010. (Id., ECF No. 21.)

Petitioner's jury trial began on November 8, 2010, and he was found guilty four days later. (Id., ECF Nos. 45, 49.) Judgment was entered on April 6, 2011, and Petitioner was sentenced to a term of imprisonment for 188 months, and a five-year term of supervised release. (Id., ECF No. 53.) Petitioner appealed to the Third Circuit Court of Appeals. (Id., ECF No. 54.)

Upon Petitioner's direct appeal, the Third Circuit Court of Appeals made the following findings:

> After being charged with drug-related offenses, Mario Estrada-Espinosa and Jose Luis Grimaldo-Valencia cooperated with the government by identifying Sellers as a drug trafficker who purchased large amounts of cocaine from them. Their cooperation resulted in Sellers's arrest.
>
> Shortly thereafter, Sellers participated in a proffer session with the government, agreeing in advance that "[t]he government [could] use [his] statements and any information provided by [him] to cross-examine [him] and to rebut any evidence or arguments offered on [his] behalf" in any subsequent trial. (Supp.App. at 109.) During that meeting, the government and Sellers's counsel were aware that Espinosa had fled the country and would therefore be unavailable to testify at Sellers's trial. Sellers, however, claims to have been

2

unaware of that fact. Indeed, although his lawyer had sent him a letter before the session informing him of Espinosa's unavailability, Sellers testified that he did not receive the letter until after the session had concluded. Sellers testified that he would not have participated in the proffer session had he received that letter in time, as knowing that Espinosa would be unavailable to testify against him would have made him think that he could "buil[d] a defense." (Joint App. at 94.)

Even after learning that Espinosa had absconded, however, Sellers chose to meet with the government for a second time. At that meeting, the government indicated its intent to file a complaint requiring Sellers to forfeit a truck that he had used to commit the crime for which he was charged, leading Sellers's counsel to believe that the "forfeiture of the truck" was "one aspect in addition to other aspects that were being discussed in connection with [a] cooperating plea agreement." (*Id.* at 30.) Subsequently, with the deadline to file the forfeiture complaint approaching, the government requested Sellers's assent to an extension of the time to file the complaint seeking that relief. Although Sellers's counsel communicated to Sellers that his refusal to consent to the extension could "be a deal breaker in light of other issues that were ongoing with cooperation" (*id.* at 37), Sellers ultimately rejected the government's request.

The government then ceased plea negotiations and indicted Sellers. Sellers, in turn, filed a motion to dismiss the indictment for prosecutorial vindictiveness, asserting that his refusal to consent to the extension of time to file the forfeiture complaint was the sole reason the government decided to cease negotiations and indict him. Although he "concede[d] that there[ ] [was] no presumption of vindictiveness" under the

3

> facts of his case, he claimed "that the prosecutor's decision and the facts [of his case] support[ed] actual vindictiveness." (*Id.* at 117.) The District Court rejected that contention, concluding that "Sellers ... failed to provide [the] Court with evidence of actual vindictiveness on the part of the government." (*Id.*) To the contrary, as the Court pointed out, Sellers's "failure ... to merely agree to extend the time to file a forfeiture complaint demonstrated [that he] ... was not willing to cooperate" with the government at all. (*Id.* at 118.)
>
> After denying Sellers's motion to dismiss, the Court turned to address the government's request for "a ruling on the admissibility of [Sellers's] statements for rebuttal purposes at trial should [Sellers's] testimony or ... arguments ... contradict any statements [Sellers] made during the[ ] two proffer sessions." (*Id.* at 121.) Recognizing that Sellers had waived his right to preclude such statements from being used against him, the Court considered whether the waiver was knowing and voluntary. Although Sellers had testified that "he felt intimidated," "did not understand the risks" of the agreement, and "would not have proffered" if he knew Espinosa was not available to testify at his trial, the Court found Sellers's testimony was not credible and concluded that his waiver was, in fact, knowing and voluntary. (*Id.* at 123-24.)
>
> Sellers's case went to trial, and the jury found him guilty on the sole count in the indictment. The District Court sentenced him to 188 months' imprisonment and 5 years' supervised release.

<u>U.S. v. Sellers</u>, 501 F. Appx 194, 195-97 (3d Cir. 2012).

4

Petitioner raised three issues on direct appeal, only one of which is relevant here. The Third Circuit addressed Petitioner's objections to use of his proffer statements as follows:

> Sellers next argues that the District Court errantly granted the government's motion to use Sellers's proffer session statements against him "to cross-examine [him] and to rebut any evidence or arguments offered on [his] behalf." (Supp.App. at 109.) He claims that his agreement to allow the government to offer such statements at trial was not knowing and voluntary because he did not know that Espinosa had absconded when he agreed to it.
>
> A criminal defendant's statements during plea discussions are generally inadmissible at trial, see Fed.R.Evid. 410(a)(4) (stating that "a statement made during plea discussions with an attorney for the prosecuting authority" that "did not result in a guilty plea" is "not admissible against the defendant who ... participated in the plea discussions"), but a defendant's right to not have such statements used against him at trial can be waived, at least for impeachment purposes, "as long as there is no affirmative indication that the agreement [to waive] was entered into unknowingly or involuntarily," *United States v. Hardwick*, 544 F.3d 565, 569–70 (3d Cir.2008) (alteration in original) (internal quotation marks omitted). A waiver is "knowing" so long as it is "made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it," and it is voluntary so long as it is "the product of a free and deliberate choice rather than intimidation, coercion or deception." *United States v. Velasquez*, 885 F.2d 1076, 1084 (3d Cir.1989) (citation and internal quotation marks

5

> omitted). "We have plenary review over [Sellers's] contention that the [D]istrict [C]ourt erred in finding that [his] waiver ... was knowing and voluntary." *Riddick v. Edmiston*, 894 F.2d 586, 589 (3d Cir.1990).
>
> Here, even accepting Sellers's account that he was not apprised of the fact that Espinosa had fled the country until after the first proffer session concluded, there is no basis for rejecting the District Court's determination that Sellers's waiver was knowing and voluntary. Sellers's counsel testified before the District Court that he advised Sellers of the risks and rewards attendant to entering into the proffer agreement, that he confirmed that Sellers understood the fact that his statements could be used to rebut claims made at trial based on the waiver, and that Sellers did not appear to have been intimidated or coerced into agreeing to it. That Sellers did not know Espinosa had absconded is of no moment. Although Sellers's waiver may have been better informed if, when he decided to make a proffer to the government, he had known that Espinosa had left the country, "complete knowledge of the relevant circumstances" is not generally necessary to effectuate a valid waiver. *United States v. Ruiz*, 536 U.S. 622, 630, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002). What he knew was sufficient. Indeed, as Sellers's counsel at the time of the proffer session candidly explained to the District Court, Espinosa's unavailability did not have "a large impact on the strength of the government's case." (Joint App. at 86.) That observation was borne out, as Valencia's testimony and other evidence of Sellers's guilt was enough for a jury to convict him. We conclude, therefore, that the District Court committed no error in finding Sellers's waiver to be knowing and voluntary.

<u>Sellers</u>, 501 F. Appx at 198-99 (3d Cir. 2012).

6

B. <u>Motion to Vacate, Set Aside, or Correct Sentence</u>

On August 10, 2015, Petitioner filed the present amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. <u>Sellers v. United States</u>, Civ. Action No. 14-388(RMB), (D.N.J.) (Am. Pet., ECF No. 15.) Petitioner alleged ineffective assistance of trial counsel on several bases:

> (1) Counsel's negotiation of waiver rights was a crucial stage therefore, counse[l]'s advice violated movant['s] right to effective assistance [] during the plea negotiation stage;
>
> (2) Counsel was ineffective during the liability phase of the movant's request to locate his co-conspirator who[] made statements against him. And in view of counsel's ineffectiveness movant was denied the right under the Confrontation Clause, to confront this wi[tness].
>
> (3) Failure to challenge the drug amount, failure to challenge right under the confrontation clause, failure to challenge the jury instruction.

(Am. Pet., ECF No. 15 at 4-7.)

For his fourth ground for relief, Petitioner alleged his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness for the above-described failures. (*Id.* at 8-9.)

Respondent filed an Answer and opposition to Petitioner's motion. (Answer, ECF No. 21.) In his response, Petitioner admitted he did not fully explain his claims in the § 2255

7

motion. (Pet'r Response, ECF No. 22 at 2.) Petitioner attempted to address the deficiencies in his claims.

II. STANDARD OF REVIEW

A prisoner in custody pursuant to a federal court judgment and conviction may move the court that imposed the sentence to vacate, set aside or correct the sentence, if the sentence was imposed in violation of the Constitution or laws of the United States; or if the court was without jurisdiction to impose such sentence; or if the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." U.S. v. Booth, 432 F.3d 542, 545 (3d Cir. 2005) (quoting Government of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989)).

"The district court is required to hold an evidentiary hearing 'unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.'" Id. For the reasons discussed below, the records of the case conclusively show that Petitioner is not entitled to relief, and the Court will not hold in evidentiary hearing in this matter.

III. DISCUSSION

    A.    Standard of Review: Ineffective Assistance of Counsel

An ineffective assistance of counsel claim has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).

Furthermore, the first prong of the test "requires a defendant to show 'that counsel's representation fell below an objective standard of reasonableness.'" Lafler v. Cooper, 132 S.Ct. 1376, 1384 (2012) (quoting Hill v. Lockhart, 474 U.S. 52, 57 (1985) (quoting Strickland, 466 U.S. at 688)). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 8 (2003) (citing Bell v. Cone, 535 U.S. 685, 702 (2002);

9

Kimmelman v. Morrison, 477 U.S. 365, 382 (1986); Strickland, 466 U.S. at 689; United States v. Cronic, 466 U.S. 648, 656 (1984)).

The second prong of the *Strickland test*, prejudice, requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is one 'sufficient to undermine confidence in the outcome.'" Collins v. Sec. of Pennsylvania Dept. of Corr., 742 F.3d 528, 547 (3d Cir. 2014) (quoting Strickland, 466 U.S. at 694).

The "ultimate focus" of the prejudice inquiry is on the fundamental fairness of the proceeding. Strickland, 466 U.S. at 696. "Prejudice is viewed in light of the totality of the evidence at trial and the testimony at the collateral review hearing." Collins, 742 F.3d at 547 (citing Rolan v. Vaughn, 445 F.3d 671, 682 (3d. Cir. 2006)). A court need not address both components of the ineffective assistance inquiry. Strickland, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Id.

    B.  Analysis

        1.  Ground One

In Ground One, with respect to his proffer statements, Petitioner asserted his counsel failed to explain the difference

between impeachment waivers and general waivers. (ECF No. 22 at 5.) Therefore, Petitioner concluded that he did not enter into the proffer agreement knowingly and voluntarily. (Id.)

On direct appeal, the Third Circuit held that Petitioner's waiver of rights with respect to his proffer agreement was knowing and voluntary, noting that defense counsel explained the waiver and confirmed that Petitioner understood. Sellers, 504 F. Appx at 199 (3d Cir. 2012). "A section 2255 petition is not a substitute for an appeal ... nor may it be used to relitigate matters decided adversely on appeal...." Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1074 (3d Cir. 1985) (citations omitted). Therefore, Ground One of the motion will be denied.

2.  Ground Two

For his second ground for relief, Petitioner asserted counsel should have known that Espinosa's release on bail was critical to Petitioner's defense, and yet counsel failed to object to his release. (Pet'r Response, ECF No. 22 at 10-11.) Petitioner argued that counsel should have advised him differently, knowing Espinosa was not available to testify. (Id. at 11.)

Counsel's decisions must be assessed in light of the information known at the time of the decisions, not in hindsight. Strickland, 466 U.S. at 680. There was no way for counsel to know Espinosa would jump bail and that he would not

11

be located before trial. Even if Espinosa were available to testify, given the totality of the evidence against Petitioner, it would have been within the realm of reasonable professional judgment for counsel to advise Petitioner to enter into the proffer agreement in plea negotiations. This claim lacks merit and will be denied.

### 3. Ground Three

For Ground Three, Petitioner explained in his Response that he believed counsel should have produced forensic evidence to dispute the drug amount, which was supported only by hearsay evidence from the Government. (ECF No. 22 at 12.) Petitioner did not describe what forensic evidence was available that could have called into question the drug amount.

In any event, Petitioner cannot show prejudice. The Government could have impeached any inconsistent evidence with the statements Petitioner made in his proffer statement, that he received far more cocaine than he was held responsible for at sentencing. (Answer, Ex. D.) This claim of ineffective assistance of counsel will be denied for failure to meet either prong of the Strickland test.

For the second part of Ground Three, Petitioner asserted:

> Because the government's key witness Espinosa was unavailable to testify, use of the cell phone removed from the truck during a search now increased denial of the right to confront via the Sixth Amendment right to

12

> challenge the cell phone evidence as consummerating drug crimes, See Williams v. Illinois, 567 US , 132 S. Ct. 183 L. Ed. 2d 89 (2012), counsel has a duty to challenge this evidence as hearsay.

(Pet'r Response, ECF No. 22 at 12-13) (quoted verbatim).

It is not clear what evidence related to the cell phone Petitioner is challenging as hearsay. Therefore, it is impossible to determine whether Petitioner has established a Confrontation Clause claim, which requires a finding that "testimonial" statements were admitted despite the declarant's unavailability to testify at trial. See Crawford v. Washington, 541 U.S. 36, 51-52 (2004) (defining testimonial statements that may violate the Confrontation Clause). This claim will be denied because it is vague and ambiguous. See U.S. v. Thomas, 221 F.3d 430, 437 ("vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court") (citing United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

For the third part of Ground Three, Petitioner alleged his counsel should have objected to a jury instruction but he did not identify the instruction, and Respondent was unable to Answer. In his Response, Petitioner described the jury instruction. (Pet'r Response, ECF No. 22 at 14.)

At trial, this Court instructed the jury that although it had earlier been instructed not to consider certain issues raised in the prosecutor's opening statement, the jury could now consider that Espinosa pled guilty, that he was cooperating with the government, and that he was a fugitive. (Id.) Petitioner alleged the jury instruction stripped jurors of their duty to judge a witnesses' credibility and motives by instructing them not to consider such things. (Id.)

This claim lacks merit. The purpose of the jury instruction was to allow the jurors to consider Espinosa's motives and credibility. Insofar as Petitioner may be complaining of the first instruction, in response to the opening statement, it was obviously rectified by the later instruction. The Court will deny this claim.

For the final part of Ground Three, Petitioner maintained counsel was ineffective for failing to challenge Witness Valencia's inaccurate proffer statement regarding the drug quantity. (Id. at 15.) As discussed above, Petitioner cannot show prejudice for failing to challenge the drug amount because the Government could have impeached any inconsistent evidence with the statements Petitioner made in his proffer statement, which established a significantly higher drug amount than he was held responsible for at sentencing. This claim will be denied for failure to meet the prejudice prong of the Strickland test.

14

Petitioner also appears to add a new claim to his § 2255 motion. (ECF No. 22 at 16.) He claimed counsel was ineffective for failing to object to the applicable guideline range. (Id.)

A "'moving party may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief.'" Judge v. U.S., 119 F.Supp.3d 270, 284 (D.N.J. 2015) (quoting D'Allessandro v. Bugler Tobacco Co., Civil Action No. 05-5051, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007) (quoting Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 978 F.2d 1318, 1327 n. 11 (3d Cir. 1992)). In the habeas context, fairness requires that the opposing party have an opportunity to address those claims. Id. (citing Soto v. United States, Civil Action No. 04-2108, 2005 WL 3078177, at *6 (D.N.J. Nov. 16, 2005)). The prohibition against raising new arguments in a reply is not unfair to the petitioner, who was provided a Miller notice advising him that all claims must be presented in one § 2255 motion, and Petitioner filed an amended motion in which he purported to raise all of his claims. (ECF Nos. 3, 14, 15.) This Court will not address Petitioner's sentencing claim first raised in his reply brief.

### 4. Ground Four

In Ground Four, Petitioner asserted his appellate counsel was ineffective for failing to raise the ineffective assistance of trial counsel claims discussed above. To establish

15

ineffective assistance of appellate counsel, a petitioner must show that the issues appellate counsel chose not to present were clearly stronger than the issues counsel presented; and Petitioner must show prejudice from the failure to raise the claims. Smith v. Robbins, 528 U.S. 259, 288 (2000). Because this Court has not found any instance of ineffective assistance of trial counsel, Petitioner's claims that appellate counsel was ineffective for failing to raise these claims must fail. Therefore, the Court will deny Ground Four of the motion.

    C. Certificate of Appealability

The Court must assess whether a certificate of appealability should issue. A litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability shall not issue unless there is a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Based on the discussion above, reasonable jurists would not find it debatable that defense counsel provided ineffective assistance of counsel that prejudiced the defense.

IV. CONCLUSION

For the foregoing reasons, the amended motion to vacate, set aside, or correct the sentence (ECF No. 15) is DENIED, and the Court SHALL NOT ISSUE a certificate of appealability. An appropriate Order shall follow.

Dated: **January 31, 2017**

                                      **s/Renée Marie Bumb**
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**